Filed 3/4/13  P. v. Chavez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

| | |
|---|---|
| THE PEOPLE, | C071797 |
| Plaintiff and Respondent, | (Super. Ct. No. 12-144) |
| v. | |
| MARTIN DEANTES CHAVEZ, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having reviewed the record as required by *Wende*, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In January 2012, a Siskiyou County task force was conducting a criminal interdiction operation in front of a fast food restaurant.  Defendant Martin Deantes Chavez was a passenger on a bus from Los Angeles that stopped at the restaurant.  A narcotic trained and certified canine inspected the luggage under the bays in the bus and alerted to the presence of a narcotic odor from a red and black suitcase.  The officers attempted to find the owner of that suitcase.  Officer Shannon noticed one of the

1

passengers, defendant, was behaving suspiciously by not returning directly to the bus. Upon being asked, defendant denied having any bags on the bus. Eventually, defendant admitted that the bag belonged to him and consented to a search of the bag.

Inside the suitcase, amidst defendant's clothes, were numerous bundles wrapped in duct tape and later determined to be 11.8 pounds of methamphetamine. Defendant claimed he did not pack the bag. He said he had met a man named Julio in Los Angeles, who offered him $200 for taking a suitcase with him to Portland. Defendant gave Julio his clothes and Julio packed the suitcase and returned it to defendant. Julio paid defendant's fare to Portland, told defendant he would be met in Portland, and implicitly threatened defendant's family.

Defendant was charged with transportation of methamphetamine for sale from a non-contiguous county (Health & Saf. Code, § 11379, subd. (b); count 1) and possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 2). As to both counts it was alleged the amount of methamphetamine precluded a grant of probation, except in an unusual case. (Pen. Code, § 1203.073, subd. (b)(2).) As to count 1 it was alleged that defendant transported more than four kilograms of methamphetamine (Health & Saf. Code, § 11370.4, subd. (b)(2)) and as to count 2 it was alleged defendant possessed more than one kilogram of methamphetamine (Health & Saf. Code, § 11370.4, subd. (b)(1)).

The parties agreed to a negotiated plea bargain. Defendant pleaded guilty to count 2, and admitted the quantity enhancement allegation in exchange for a stipulated sentence of four years four months, and dismissal of the remaining charges. Defendant also agreed to waive 60 days of actual presentence custody credits. Defendant was properly advised of his rights and waived those rights. The court found defendant understood the nature of the crimes he was charged with and allegations made against him and the consequences of his plea. The court also found he had knowingly and

voluntarily waived his constitutional and statutory rights and his waiver of rights and admission of guilt were freely made.

Defendant was sentenced in accordance with the plea to the mitigated term of 16 months on count 2 and an additional consecutive term of three years on the enhancement, for an aggregate term of four years four months. Defendant was ordered to pay a restitution fund fine of $960, reimburse the probation department $420 for the preparation of the presentence report, pay a criminal lab fee of $145, a drug program fee of $145, a court security fee of $40, a criminal conviction assessment of $30, a $148 booking fee, and a $35 administration fee. He was also awarded 217 days of presentence custody credit.

Appointed counsel filed an opening brief setting forth the facts of the case and requesting this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no additional arguable errors that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                              __BLEASE__ , Acting P. J.

We concur:

      __NICHOLSON__ , J.

      __BUTZ__ , J.

3